ROSE CAFFREY, Respondent, *v.* UNITED TRACTION COMPANY, Appellant.

Third Department, December 28, 1921.

Street railways — plaintiff ejected from defendant's car after presentation of transfer which conductor deemed " too late " — evidence sufficient for jury to find that plaintiff overestimated time she waited for car and that conductor was mistaken in pronouncement that transfer was "too late " — jury justified in finding for plaintiff.

Where in an action to recover damages suffered as the result of being ejected from one of defendant's cars, it appears that the plaintiff was a passenger upon an " Ontario street " car and desired a transfer to a

" white line " car at the corner of Ontario and Mohawk streets in the city of Cohoes; that she received the transfer and boarded the first " white line " car which passed the transfer point after a fifteen or twenty-minute wait; that the conductor of the car refused to receive the transfer, terming it " too late," and ejected the plaintiff from the car because she refused to pay her fare; that the " white line " cars ran every five and one-half minutes, and that there was no proof that this car was behind schedule, there was sufficient evidence upon which the jury could find that the plaintiff had overestimated the time she waited and that the conductor was mistaken in his testimony that the time punched on the transfer slip was more than fifteen minutes before the transfer was offered. Further, they were justified in finding that the transfer was not offered too late and that it should have been accepted by the conductor.

H. T. KELLOGG, J., dissents, with opinion.

APPEAL by the defendant, United Traction Company, from a judgment of the County Court of Rensselaer county in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 7th day of April, 1921, affirming a judgment of the City Court of the city of Troy in favor of the plaintiff, and also from an order entered in said clerk's office on the same day affirming an order of the City Court of the city of Troy denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*John E. MacLean* [*James S. Carter* of counsel], for the appellant.

*Charles J. Ranney*, for the respondent.

VAN KIRK, J.:

The plaintiff was ejected from one of the defendant's cars and the action is brought to recover the damages suffered by her thereby.

The plaintiff was working in the factory of Corliss, Coon & Co., in Cohoes. There was evidence in the case justifying the jury in finding the following facts: The plaintiff left the factory of her employers about ten minutes of one on Saturday afternoon, May 8, 1920; she took a car of the defendant company on Ontario street, paying her fare, and rode thereon to the corner of Ontario and Mohawk streets in Cohoes, which is a transfer point; while in this car, she, with two others employed in the same shop, procured from the conductor

transfers for the white line cars of defendant going to Troy; as they were approaching the transfer point a white line car to Troy passed, with which they just failed to connect; she waited at the transfer point and boarded the first white line car passing this transfer point after she reached it; the cars of this line, when running regularly, passed this transfer point at five and one-half minute intervals, and these cars were running on time; the conductor refused to accept this transfer, which she presented, stating that it was too late; he told her she must pay her fare or get off; when she refused, he took hold of her and removed her from the car, and, while being ushered out, she struck her hip against the side of the door; there was a rule of the company requiring that a transfer must be used within fifteen minutes after the time punched thereon; another white line car followed the one from which the plaintiff was ejected almost immediately; it was this following car which the plaintiff later entered and further down the line she was transferred from this car to the one from which she was ejected, to continue her trip.

There is a sharp dispute as to the time punched on the transfer offered to the conductor by this plaintiff, and which he refused to accept. He states that it was punched at twelve-fifteen. The plaintiff does not know what became of the transfer slip, and it is not produced. It is claimed that it was left on the floor of the car. The plaintiff does not know the time punched on the transfer slip. If the jury had found that the time punched on the transfer slip was twelve-fifteen, as claimed by the conductor, under the charge of the trial court and under *Monnier* v. *N. Y. C. & H. R. R. R. Co.* (175 N. Y. 281), it may be conceded here that the plaintiff could not recover. The conductor was required to act under the reasonable rules of the company, and, when a passenger enters a car, he must subject himself to these reasonable rules. If the plaintiff had presented a transfer, the time on which was punched an hour before it was presented, the conductor could not accept the transfer, and plaintiff was required to yield and pay her fare. But in this case the evidence presents a question of fact for the jury as to the time when this transfer was punched, whether the time punched was more than fifteen minutes before the transfer was tendered. The time punched

is the time the transfer point will be reached on the schedule running time.   If this plaintiff, with her friends, left the shop at approximately ten minutes to one and procured this transfer upon the first car they took, her transfer, the jury had a right to infer, was not punched at twelve-fifteen, and they were not required to infer that a conductor on the Ontario street car who punched the transfer had made a mistake.   (The plaintiff offered to show by one of her companions, who procured her transfer for the white line at the same time the plaintiff procured hers, that this companion was allowed to ride on this transfer upon the identical car.   This the trial court excluded.)   It is true that the plaintiff and one of her witnesses testified that they thought they waited fifteen minutes and perhaps twenty minutes for this car, but these are only estimates; neither had consulted a timepiece. These estimates of persons waiting for a car are corrected by other evidence.   The evidence that plaintiff left the shop at ten minutes to one, took a car to Mohawk street; that she did not leave this transfer point but waited there and there boarded the first white line car which passed; that the white line cars ran every five and one-half minutes and there is no proof this car was late (and in view of the rule that the credibility of an interested witness, the conductor, is always for the jury) was sufficient evidence upon which the jury could find that plaintiff had overestimated the time she waited and that the conductor was mistaken in his testimony that the time punched on the transfer slip was more than fifteen minutes before the transfer was offered; and they were justified in finding that the transfer was not offered too late and, therefore, that it should have been accepted by the conductor.

We have examined the errors claimed by the appellant to have been committed by the trial court and do not find any which requires a reversal of the judgment.

The judgment should, therefore, be affirmed, with costs.

JOHN M. KELLOGG, P. J., WOODWARD and COCHRANE, JJ., concur; H. T. KELLOGG, J., dissents, with an opinion.

H. T. KELLOGG, J. (dissenting):

The plaintiff was a passenger upon an " Ontario street " car, and desired a transfer to a " white line " car at the

corner of Ontario and Mohawk streets in the city of Cohoes, N. Y. She received a transfer ticket from the conductor of the " Ontario street " car, and later presented it to the conductor of the " white line " car. The conductor refused to receive the ticket, pronouncing it " too late," and ejected the plaintiff from the car. The plaintiff testified that there was a rule of the defendant company requiring that transfer tickets be used within fifteen minutes after issuance. She further testified that she arrived at the Mohawk street corner at about five minutes of one; that she then disembarked from the Ontario street car; that she waited on the sidewalk fifteen or twenty minutes; that she thereafter boarded the " white line " car at about fifteen minutes after one. On her own testimony, therefore, she must have presented the transfer ticket at least five minutes " too late." Her companion, Miss Closshey, testified that the interval of time between the arrival of the two cars at the transfer point was about twenty minutes. All the evidence in the case was to the effect that this interval was not less than eighteen minutes. Consequently, upon the undisputed proof, the transfer ticket must have been presented to the conductor more than eighteen minutes after its issuance. The conductor testified that the ticket was punched at twelve-fifteen or one hour before presentation. It is not material under the circumstances of this case what time was stamped upon the ticket. It is the uncontested fact that the plaintiff presented a ticket which was at least eighteen minutes old, and, therefore, not a valid ticket under the rules of the company. As the plaintiff had no lawful ticket, and refused to pay her fare she was not a lawful passenger, and was subject to ejection. The trial judge instructed the jury that the rules of the defendant in reference to the use of transfer tickets within fifteen minutes of issuance were reasonable. That was the law of the case, and under it the plaintiff was rightfully ejected. No other issue, therefore, than the use of excessive force should have been submitted to the jury. I favor a reversal.

Judgment affirmed, with costs.